UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHARLENE BANKS-SIMON; a woman,
Claimant, MARK SIMON; a man, Claimant,
MOSES JOSIAH; a man, Claimant,

                Plaintiffs,

                -against-

BANK OF AMERICA, N.A., ANNAMARIA
MOUREAUX; a Person, Bank of America
employee; ELIZABETH A CLARKE; a person,
employee of Shapiro, Dicaro, and Barak, LLC;
KRISTINA BRIZEE; a person, employee of
Shapiro, Dicaro, and Barak, LLC; JANE DOE;
a person, employee of Shapiro, Dicaro, and
Barak, LLC. STEVE CARDI; a person, Accu-Serve
Process Service LTD. Employee

                Defendants.
-------------------------------------------------------------X

For Online Publication Only

**ORDER**
16-CV-4867 (JMA) (ARL)

**FILED
CLERK**

9/28/2017 10:52 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

      Plaintiffs Charlene Banks-Simon, Mark Simon, and Moses Josiah, proceeding pro se, have brought the instant action. Currently pending before the Court are a number of motions. For the reasons stated below, the Court:

      (1) grants the motions to dismiss filed by various defendants, (ECF Nos. 14, 16, 20, and 26);

      (2) denies plaintiffs' applications seeking disqualification of counsel and discovery, (ECF Nos. 24, 28, 34, 35, 43, 47, 48, 51); and

      (3) stays discovery until the Court directs otherwise.

1

## I. DISCUSSION

### A. Motions to Dismiss

#### 1. Standard

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the favor of the non-moving party. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Lehal v. United States, No. 13-CV-3923, 2015 WL 9592706, at *5 (S.D.N.Y. Dec. 29, 2015) (quoting Kopec v. Coughlin, 922 F.2d 152, 155 (2d Cir. 1991)). Nevertheless, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (internal citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

Although courts are obligated to construe pro se complaints liberally, Harris, 572 F.3d at 72, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570.

On a motion to dismiss, the court may consider materials attached to the complaint, materials integral to the complaint, and materials incorporated into the complaint by reference. Gordon v. First Franklin Fin. Corp., No. 15-CV-775, 2016 WL 792412, at *6 (E.D.N.Y. Feb. 29, 2016) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002)). Furthermore, the Court may take judicial notice of public records, such as state court proceedings. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

### 2. Relevant Background and Procedural History

On August 31, 2016, plaintiffs filed the instant complaint against numerous defendants, including Bank of America, alleging that "said wrongdoer[s] . . . Conspired to file fraudulent documents causing harm and injury to my property" and that "Extortion [was committed] by said wrongdoers." (Compl. ¶¶ ##.) The complaint contains no additional allegations.

When the complaint was filed, plaintiffs were already embroiled in a foreclosure action in state court that Bank of America brought against plaintiffs concerning a property owned by plaintiffs. (Bank of America, NA v. Charlene Banks, Moses Josiah, Mark Simon, and "John Doe", Nassau County Supreme Court, Index #3383/2015.)

The following defendants filed motions to dismiss: Bank of America, Annamaria Moureaux, Elizabeth A Clarke, Kristina Brizee, Jane Doe, J.M. Adjustment Services, LLC ("JM Adjustment Services"), and Justin Manni (collectively, the "Moving Defendants"). The Moving Defendants argue, among other things, that plaintiffs' complaint does not allege any plausible claims. Notably, two parties who moved to dismiss—Manni and J.M. Adjustments Services—were not named as defendants in the caption or body of the complaint, but nevertheless received summonses naming them as defendants. Additionally, three of the Moving Defendants—Clarke, Brizee, and Jane Doe—also moved to dismiss on the basis of improper service.

Plaintiffs responded by filing a one-page opposition to the motions (titled "Notice Deny to Dismiss") that states:

Wrong Doers-

**Bank of America, N. A.-** Created an account dated November 16, 2007 without our Permission.  Also there is no record or contract in existence bearing our wet ink signatures giving Bank of America, N.A. or its employees authorizing them to use our names, Social Security and claim on our property.

**Annamaria Moureaux;**  forged my name; my property; Charlene Banks-Simon on a loan modification contract without my explicit permission.

**Shapiro, Dicaro, Barak** and employees: **Elizabeth A. Clarke, Kristina Brizee and Jane dow aka; Aubrey Faber** mailed letters communicating threats, ongoing letters of harassment. filed forged documents with the Nassau County Clerk's Office.

**Accu-Serve process Service LTD**
**Steve Cardi;** falsely submitted an affidavit to Nassau county clerks office
**Justin Manni/Jane dow**; mailed a false contract/document stating that the alleged Mortgage was never filed with the Nassau County Clerk's Office.

Here are the Laws/Rules said wrongdoers broke:

- **U.S.C. 18 Title 18 part 1 chap. 41§ 872**
- **U.S.C. 18 Title 18 part 1 chap. 41§ 876**
- **U.S.C. 18 § 1341 Frauds and swindles**
- **U.S.C. 18 § 1346 Scheme or artifice to defraud**
- **Fair Debt Collection Practices Act**

Said wrongdoers are hereby in agreeance of said wrongs, because no one has proof of claim to our property, and this is our claim.

(Pls.' Notice Deny to Dismiss, ECF No. 23 (emphasis in original).)

On January 31, 2017, after the briefing for the motions to dismiss was completed, plaintiffs filed a document entitled "Affidavit of Presentment of Facts and Evidence." (ECF No. 40.)  That document, which the Court will not consider in deciding the pending motions to dismiss, will be addressed in a separate order.

4

### 3. Plaintiffs Fail to Allege Any Plausible Claims

The allegations in plaintiffs' complaint are clearly insufficient to allege any plausible claims under federal or state law against any of the defendants. The Court will, for the sake of argument, construe plaintiff's "Notice Deny to Dismiss" as a motion to amend the complaint. The allegations in the "Notice Deny to Dismiss," however, are also insufficient to state any plausible claims.

The first four statutes that plaintiffs cite are federal criminal statutes concerning extortion and fraud. Plaintiffs cannot bring a private civil lawsuit under these statutes. See Mercado v. Quantum Servicing Corp., No. 15-CV-1500, 2015 WL 1969028, at *1 (E.D.N.Y. Apr. 29, 2015), appeal dismissed, 15-1697 (2d Cir. Oct. 22, 2015); Gipson v. Callahan, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997).

The remaining statute plaintiffs cite is the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. To establish a violation under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." Polanco v. NCO Portfolio Mgmt., Inc., 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015). The FDCPA prohibits any false, deceptive and misleading practices by "debt collectors," 15 U.S.C. § 1692e, and any "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. The FDCPA also regulates debt collectors in various other ways, including imposing certain obligations on a debt collector once a debt collector sends an "initial communication" to a debtor, 15 U.S.C. § 1692g. The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which

5

is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due [to] another."  15 U.S.C. § 1692a(6).

The allegations in plaintiffs' "Notice Deny to Dismiss" are too conclusory to plead any plausible claims under the FDCPA.  Plaintiffs provide little, if any, details about their allegations.  Plaintiffs do not, among other things:  (1) discuss the content of most of the "letters," affidavits, and other documents they reference; (2) explain how these affidavits and documents were false or what information was forged; or (3) provide dates for any of the conduct at issue.  Moreover, plaintiffs offer no factual allegations to indicate that any of the defendants qualify as debt collectors under the FDCPA.  Accordingly, the Moving Defendants' motions to dismiss are all granted for failure to state a claim.

### 4. Plaintiffs Failed to Properly Serve Defendants Clarke, Brizee, and Jane Doe

Plaintiffs' complaint against the three employees of Shapiro, Dicaro, and Barak, LLC ("SDB") is also dismissed for defective service.  In their joint motion to dismiss, Clarke, Brizee, and Jane Doe (collectively, the "SDB Employees") argue that plaintiffs failed to properly serve them.  The affidavit of service filed by plaintiffs indicates that they only served the SDB Employees through certified mail.[1]  (ECF No. 12.)  This was insufficient to effect service on the SDB Employees.  See Federal Rule of Civil Procedure 4; Conway v. Am. Red Cross, No. 10-CV-1859, 2010 U.S. Dist. LEXIS 120512, at *9 (E.D.N.Y. Nov. 15, 2010) ("Service on a natural person solely by certified mail, return receipt requested is insufficient.") (report and recommendation), adopted, 2011 U.S. Dist. LEXIS 8340 (E.D.N.Y. Jan. 26, 2011).

Rule 4(m) of the Federal Rules of Civil Procedure requires that a plaintiff serve each defendant with a copy of a complaint and summons within 120 days of filing a complaint with the

---

[1] Although Bank of America was served in the same fashion, Bank of America did not move to dismiss on this ground.

6

Court. If a plaintiff fails to properly serve a defendant, the Court must dismiss the complaint on a defendant's motion. Fed. R. Civ. P. 4(m). A district court, however, has discretion to extend the period for service even in the absence of good cause. Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). In deciding whether to grant an extension, a court considers: "whether (1) any applicable statutes of limitations would bar the action once refiled; (2) the defendant had actual notice of the claims asserted in the complaint; (3) defendant attempted to conceal the defect in service; and (4) defendant would be prejudiced by extending plaintiff's time for service." Reese v. Univ. of Rochester, No. 04-CV-6117, 2005 WL 1458632, at *2 (W.D.N.Y. June 20, 2005).

Despite the multiple filings submitted by plaintiffs since the SDB Employees filed their motion to dismiss, it does not appear that plaintiffs ever attempted to properly serve the SDB Employees, and no additional affidavit for service of the complaint appears on the docket. Nor have plaintiffs ever requested additional time to serve the SBC Employees or identified why good cause would exist for such an extension.

The Court concludes, based on the current record, that no good cause for failing to comply with Rule 4(m) exists. The Court recognizes that: (1) the statute of limitations for some or all of plaintiff's claims (particularly any claim under the FDCPA) may bar plaintiffs' claims if these claims were to be refiled; and (2) the SDB Employees had actual notice of the plaintiffs' complaint. But, these factors alone are not enough to persuade the Court to extend the period for service. The claims against the SDB Employees appear to be frivolous and these defendants never attempted to conceal the defects in service. Accordingly, the Court declines to extend the deadline to effect proper service on the SDB Employees and also dismisses the claims against them on that basis.

B. **Plaintiffs' Motions Seeking Discovery and Disqualification of Defense Counsel**

Plaintiffs have filed numerous submissions asserting that the attorneys representing various defendants should be disqualified from such representation. (See ECF Nos. 28, 34, 35, 43, 47, 48, 51.) The Court construes these submissions as motions to disqualify the defense attorneys and summarily denies these applications, which are frivolous.

Plaintiffs have also filed letters requesting discovery. (See ECF Nos. 24, 34, 43, 51.) The Court hereby stays discovery until the Court directs otherwise. Accordingly, all of plaintiffs' request for discovery are denied without prejudice.

## II.  CONCLUSION

For the reasons set forth above, the Court:

(1) grants the motions to dismiss filed by various defendants, (ECF Nos. 14, 16, 20, and 26);

(2) denies plaintiffs' applications seeking disqualification of counsel and discovery, (ECF Nos. 24, 28, 34, 35, 43, 47, 48, 51.); and

(3) stays discovery until the Court directs otherwise.

The Clerk of Court is directed to mail a copy of this order to the pro se plaintiffs.

**SO ORDERED.**

Dated:  September 28, 2017
       Central Islip, New York

                                          /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE