FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ DEC 09 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHARLENE BANKS-SIMON, MARK SIMON, and
MOSES JOSIAH,

                        Plaintiffs,                        REPORT & RECOMMENDATION
                                                      2:16 CV 4867 (MKB)(LB)

    -against-

STEVE CARDI,

                        Defendant.
------------------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        On October 17, 2019, plaintiffs attempted to serve process on defendant Steve Cardi by mail. See ECF No. 78. As this is not proper service, I respectfully recommend that this action should be dismissed without prejudice pursuant to Rule 4(m) for failure to timely serve defendant Cardi.

BACKGROUND

        Plaintiffs, proceeding *pro se*, commenced this action on August 31, 2016. ECF No. 1. The one-page complaint alleges that various defendants committed "[e]xtortion" and "[c]onspired to file fraudulent documents causing harm and injury to [plaintiffs'] property." Id. Plaintiffs seek compensatory damages in the amount of "Four Hundred million dollars." Id. Defendant Cardi is identified in the complaint as an employee of Accu-Serve Process Service LTD, ECF No. 1, and plaintiffs allege that Cardi "falsely submitted an affidavit to Nassau county clerks office," ECF No. 23.[1] At the time the complaint was filed, plaintiffs were defendants in a foreclosure action brought by Bank of America in state court. Ct. Order 3, Sept. 28, 2017 (hereinafter "Order Mot. Dismiss" or "ECF No. 53").

---

[1] A subsequent filing notes that "[i]n the [course] of foreclosure proceedings defendant, Steve Cardi, an employee at ACCU-SERVE PROCESS SERVICE LTD made false claims on an affidavit of Service **(See Exhibit "D")**[.]" ECF No. 40 at 3 (emphasis in original). Exhibit D includes an affidavit of service, bearing bar code No. 226429 and signed by "Steve Cardi" before a notary public in April 2015. ECF No. 40-1 at 7.

The Honorable Joan M. Azrack dismissed all of the defendants in the case except for Cardi on September 28, 2017. Order Mot. Dismiss 8.[2] Judge Azrack's Order explained that "[t]he allegations in plaintiffs' complaint are clearly insufficient to allege any plausible claims under federal or state law against any of the defendants." Order Mot. Dismiss 5. In addition, Judge Azrack concluded that the allegations contained in plaintiffs' motion to amend were "insufficient to state any plausible claims." Id. On September 30, 2018, Judge Azrack denied plaintiffs' motions for reconsideration and for summary judgment. ECF No. 63; see also ECF Nos. 61, 55.

On April 29, 2019, this case was transferred from the Central Islip Courthouse to the Brooklyn Courthouse and re-assigned to the Honorable Margo K. Brodie and me. ECF No. 77 at 1 n.1. On May 2, 2019, as several items mailed to plaintiffs had been returned as undeliverable, the Court warned plaintiffs that the case would be dismissed if they failed to provide their current contact information. ECF No. 68.[3] After sending a second warning to another address, see ECF No. 71, Plaintiffs Simon and Banks-Simon provided a new address. ECF Nos. 72, 73.

Upon review of the docket, I determined that plaintiffs had not properly served defendant Cardi, the sole remaining defendant in this action. See ECF No. 75.[4] I explained to plaintiffs that if they desired to pursue this case against defendant Cardi, they must properly serve him. Id. The Court further explained that service solely by certified mail on a natural person is not proper service. Id. In light of plaintiffs' *pro se* status and their family's recent medical emergencies, the Court granted plaintiffs "one last opportunity to serve defendant Cardi." Id. The Court ordered plaintiffs to serve the summons and complaint on defendant Cardi by September 17, 2019. Id. In addition, the Court warned plaintiffs that

---

[2] All the named defendants -- except for defendant Cardi -- moved to dismiss plaintiffs' complaint. See Order Mot. Dismiss 3. Plaintiffs filed a one-page opposition, which the Court construed as a motion to amend the complaint. Id. at 4-5; see also ECF No. 23 (Mot. Amend).
[3] In addition, the Court directed the Clerk to terminate the dismissed defendants from the docket. ECF No. 68.
[4] See ECF No. 12 (stating that Cardi was served via certified mail). On January 31, 2017, plaintiffs filed a request for a certificate of default against defendant Cardi pursuant to Rule 55. ECF No. 39. However, no default was entered.

2

if they did not properly serve Cardi and file proof of service in accordance with Rule 4 by September 27, 2019, I would recommend that this action should be dismissed without prejudice under Fed. R. Civ. P. 4(m). Id.[5]

Upon plaintiffs' request for a three-week extension of time, ECF No. 76, the Court extended the time for plaintiffs to serve defendant Cardi from September 17 to October 17, 2019. ECF No. 77. Plaintiffs were warned, however, that if they did not properly serve Cardi and file proof of service in accordance with Rule 4 by October 24, 2019, I would recommend that the case should be dismissed pursuant to Fed. R. Civ. P. 4(m). Id. On October 17, 2019, plaintiffs filed another deficient affidavit of service. ECF No. 78.

## DISCUSSION

The Federal Rules of Civil Procedure provide that "[a] summons must be served with a copy of the complaint" and plaintiffs are "responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed. R. Civ. P. 4(c)(1). Further, the 4(m) provision provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[6]

It is within a district court's discretion to extend the time to serve process on a defendant under Rule 4(m). See, e.g., Zapata v. City of New York, 502 F.3d 192 (2d Cir. 2007). However, the Court must give a plaintiff notice before issuing a *sua sponte* dismissal under 4(m). Thompson v. Maldonado,

---

[5] The Clerk of Court also mailed plaintiffs copies of Judge Azrack's Order, ECF No. 53, the docket sheet in this case, and the Pro Se Manual. See ECF No. 75.

[6] Rule 4(m) "governs both (1) the dismissal of actions for untimely service of process and (2) extensions of the time in which service may be effected." Zapata v. City of New York, 502 F.3d 192, 195 (2d Cir. 2007). District courts may, within their discretion, grant an extension even in the absence of a showing of good cause. Id. at 196.

3

309 F.3d 107, 110 (2d Cir. 2002). A district court abuses its discretion under 4(m) "when, among other things, it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service." Meilleur v. Strong, 682 F.3d 56, 61 (2d Cir. 2012) (citation omitted).

Here, the proof of service filed by plaintiffs states that Julia DaSilveira, who is over 18 and not a party to this action, "enclosed a copy of mentioned SUMMONS, COMPLAINT, ORDER, AND EVIDENCE...in a 1st class postpaid properly addressed envelope not indicating that the mailing was from an attorney or concerned legal action and marked 'Personal and Confidential' in an official depository under the exclusive care and custody of the United States Post Office." ECF No. 78 at 1. True copies of the summons and complaint were sent to defendant Cardi's "last known addresses/actual place of residence" in Rockville Centre, New York, and in Westbury, New York. See ECF No. 78 at 1. Ms. DaSilveira's sworn affidavit is accompanied by the Court's "Proof of Service" AO 440 form, which indicates the method of service as "Other," without providing further details.[7] Id. at 3. As explained below, plaintiffs have again failed to demonstrate proper service on defendant Cardi.

Pursuant to the Federal Rules of Civil Procedure, an individual may be served in a United States judicial district by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

---

[7] Plaintiffs' filing, ECF No. 78, includes additional documents, reflecting dates from 2015, which are offered as "evidence" in the case but are not relevant to plaintiffs' efforts to serve defendant Cardi. See ECF No. 78 at 8-22.

4

Plaintiffs' filing makes no showing that Ms. DaSilveira delivered the summons and complaint to Cardi or to an authorized agent, or that DaSilveira left copies of the summons and complaint with anyone, let alone a person of suitable age and discretion. See ECF No. 78. Accordingly, to satisfy Rule 4(e), plaintiffs would need to show that they fulfilled state law service of process requirements.

Section 308 of New York Civil Practice Law and Rules governs service upon a natural person in New York. See N.Y. C.P.L.R. § 308; see also Ferrarese v. Shaw, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016); Xiu Jian Sun v. Cuomo, No. 19-CV-497 (MAD)(DJS), 2019 WL 5307359, at *2 (N.D.N.Y. Oct. 21, 2019).[8] Section 308 provides for five methods of service: 1) personal delivery directly to the defendant; 2) "deliver and mail" service; 3) service on an agent; 4) "affix and mail" or "nail and mail" service; and 5) court-ordered service. See N.Y. C.P.L.R. § 308; Ferrarese, 164 F. Supp. 3d at 365; Xiu Jian Sun, 2019 WL 5307359 at *2; see also Hulse v. Wirth, 175 A.D.3d 1276, 1277 (N.Y. App. Div. 2019) (explaining that "[j]urisdiction is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been strictly complied with.") (citations omitted). In addition, Section 312-a of New York Civil Practice Law and Rules provides for an alternative method of service by mail. See N.Y. C.P.L.R. § 312-a; Xiu Jian Sun, 2019 WL 5307359 at *3. However, a plaintiff who opts to serve pursuant to Section 312-a must use certain statutorily prescribed forms and obtain the defendant's acknowledgement of receipt. See N.Y. C.P.L.R. § 312-a(d). Section 312-a makes clear that "[s]ervice is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender" and the signed acknowledgement constitutes proof of service. N.Y. C.P.L.R. 312-a(b). In other words, service is incomplete without the signed acknowledgement. Xiu Jian Sun, 2019 WL 5307359 at *3.

Here, plaintiffs fail to demonstrate that they complied with Sections 308 or 312-a. Plaintiffs made no showing of delivery to defendant, an agent, or another person of suitable age and discretion, nor of affixing the summons to the door of either Cardi's actual place of business, dwelling place, or

---

[8] The Clerk of Court is directed to send plaintiffs copies of the unreported decisions attached to this decision.

5

usual place of abode. The Court did not direct plaintiffs to use an alternative method of service pursuant to § 308(5), nor would it as plaintiffs have not demonstrated that service on Cardi is impracticable under the other traditional means of service outlined in Section 308. See N.Y. C.P.L.R. 308(5). Plaintiffs have not shown that they sent defendant Cardi the forms required under § 312-a(d) nor that Cardi signed an acknowledgement of receipt. In sum, plaintiffs have not followed New York law for proper service on defendant.

Furthermore, plaintiffs have not made a showing of good cause for their failure to effect timely service. See ECF No. 78. Plaintiffs have been granted two extensions of time to serve defendant Cardi. I also warned plaintiffs twice that failure to effect proper service would result in my recommending dismissal of the case.[9] Plaintiffs were on notice that service of the summons and complaint upon a natural person is not proper by mail alone in New York; Judge Azrack explained this to plaintiffs in her September 2017 decision,[10] and my August 19, 2019, Order reminded plaintiffs that service solely by mail is not proper service. ECF Nos. 53, 75. To aid plaintiffs' understanding regarding what is required for proper service, the Court provided plaintiffs with a manual for *pro se* litigants that includes a section explaining service upon individuals under Rule 4(e) and Section 308. See ECF No. 75. Plaintiffs acknowledged receipt of the manual. See ECF No. 76. Plaintiffs make no showing that delivery was attempted by means permitted under Rule 4(e) or Section 308. Moreover, plaintiffs offer no cognizable excuse for disregarding the Court's instruction that service solely by mail is not proper service. Cf. Zapata, 502 F.3d at 199 (affirming 4(m) dismissal where plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced

---

[9] In addition, early on in the case, Judge Bianco warned plaintiffs that failure to timely serve defendants could result in dismissal. See ECF No. 5.

[10] Judge Azrack dismissed the case against defendants Clarke, Brizee, and Doe both for failure to state a claim and for defective service. Order Mot. Dismiss 6. ("The affidavit of service filed by plaintiffs indicates that they only served the SDB Employees through certified mail (ECF No. 12.) This was insufficient to effect service...").

no cognizable excuse for the delay.").[11] Lastly, nothing in the record reflects that defendant Cardi is evading service. See Zapata, 502 F.3d at 195 (explaining that additional time to serve may be justified if, *inter alia*, the defendant is evading service of the summons and complaint).

In light of the record before the Court and the Court's past decisions, weighing the potential prejudice to each side, granting plaintiffs leave to attempt service upon defendant Cardi once again is not in the interest of justice. See Zapata, 502 F.3d at 197; see also Pajak v. New York State Office of Temp. & Disability Assistance, 783 F. App'x 86, 88 (2d Cir. 2019) (summary order).[12] The Court should not give plaintiffs unlimited opportunities to serve defendant Cardi. Accordingly, because plaintiffs failed to file proof of proper service on defendant Cardi by October 24, 2019, as ordered, it is respectfully recommended that plaintiffs' action should be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed.

---

[11] Plaintiffs previously argued in their motion for reconsideration, which was denied, that Rule 4 is "confusing and open for interpretation" because "the rule is not in plain/common English" and "does not give clear instructions on what is proper service of a summons and complaint." ECF No. 61 at 4 (contesting Judge Azrack's decision to dismiss defendants Clarke, Brizee, and Jane Doe for defective service). However, even if plaintiffs mistakenly believed that mailing the complaint and summons was sufficient to effect service under Rule 4, this is not a cognizable excuse – especially in light of the repeated warnings given by the Court. Cf. Meilleur, 682 F.3d at 63 (affirming 4(m) dismissal although plaintiff "imperfectly understood" the service procedures but her prior interactions with the court demonstrated awareness of the consequences of non-compliance with the court's orders and of the opportunity to communicate with the court to avoid those consequences). Although dismissal may seem harsh to plaintiffs, proper service is not a mere technicality; it protects defendants' constitutional due process rights by ensuring that defendants receive notice of the lawsuit and an opportunity to be heard. See, e.g., Ferrarese, 164 F. Supp. 3d at 366.

[12] Plaintiffs enclosed with their proof of service certain documents referred to as "EVIDENCE." See ECF No. 78 at 9, 12, 15, 17, 19. The enclosed affidavits likely would not disturb the law of the case in this action. See Order Mot. Dismiss 5-6. Moreover, the affidavits do not appear to be new evidence; at least one was already filed as part of plaintiffs' motion for summary judgment, which was denied. Compare ECF No. 78 at 9 with ECF No. 55 at 27 (bearing the same bar code number); see also Ct. Order, Sept. 30, 2018, ECF No. 63 (denying plaintiffs' motion for reconsideration, ECF No. 61, and plaintiffs' motion for summary judgment, ECF No. 55).

R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/ Judge Lois Bloom

LOIS BLOOM
United States Magistrate Judge

Dated: December 9, 2019
      Brooklyn, New York